## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

**PAMELA JOHNSON**                                         **CIVIL ACTION NO.**

**VERSUS**                                                      **22-180-SDJ**

**COMMISSIONER OF SOCIAL SECURITY**               **(CONSENT)**

### RULING AND ORDER

Before the Court is a Motion for Attorney's Fees Pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412 filed by Plaintiff Pamela Johnson (R. Doc. 23).  No response by the Commissioner has been filed.  As Plaintiff was the prevailing party in this case, the Commissioner does not object to the Motion, and the fees sought are reasonable, the Motion will be granted.[1] Plaintiff is awarded $5,049.52, which includes EAJA fees of $5,025.00, plus expenses of $24.52.

## I.    Background

In this action, Plaintiff appealed the Commissioner of the Social Security Administration's denial of her application for disability insurance benefits.[2]  Plaintiff filed a Memorandum in Support of Appeal on September 29, 2022.[3]  The Commissioner filed an Answer and Opposition on November 28, 2022, to which Plaintiff filed a Reply on December 14, 2022.[4]  This Court, on September 29, 2023, issued an Order vacating the decision of the Commissioner and remanding the case for further administrative proceedings.[5]  Plaintiff then filed the instant Motion, which seeks a fee award under the EAJA of $5,025.00, plus a reimbursement of expenses in the amount

---

[1] All parties executed a Notice, Consent, and Reference of a Civil Action to a Magistrate Judge on August 9, 2022 (R. Doc. 13), and an Order of Reference from the District Judge was issued on August 25, 2022 (R. Doc. 13).  All proceedings in this matter are, therefore, to be handled by the undersigned.
[2] *See* R. Doc. 1, ¶¶ 1-2.
[3] R. Doc. 14.
[4] R. Docs. 15, 16, 18.
[5] R. Doc. 21.

of \$24.52.[6]  As the Commissioner has not filed an opposition or other response, the Court considers

this Motion unopposed.

## II.     Law and Analysis

The EAJA provides that a court shall award attorney fees and costs to a prevailing party in

a civil action brought against the United States.  28 U.S.C. § 2412.  Attorney fees shall be awarded

to a prevailing party "unless the court finds that the position of the United States was substantially

justified or special circumstances make an award unjust."  28 U.S.C. § 2412(d)(1)(A).  There is no

dispute that Plaintiff is the prevailing party and is, therefore, entitled to an award of fees and costs

under the EAJA.  There also is no dispute either about the number of hours for which Plaintiff is

claiming compensation or the hourly rate sought.[7]

Here, Plaintiff alleges that 30.3 attorney hours and 6.4 paralegal hours of work were

performed, for a total of 36.7 hours.  The hourly rates being sought are \$150 for an attorney and

\$75 for a paralegal.  Plaintiff additionally requests reimbursement of expenses totaling \$24.53 for

certified mailing related to service of process.[8]  The Court has reviewed the time/cost accounting

documents submitted in support of the Motion[9] and agrees that 30.3 hours of attorney time and 6.4

---

[6] R. Doc. 23.

[7] This district has consistently exceeded the \$125.00 cap in cases decided since 2014. *See, e.g., Craig v. Colvin*, No. 15-583, 2016 WL 4689044, at *2 (M.D. La. Sept. 6, 2016) ("In the past few years, the Middle District of Louisiana has consistently awarded a rate of \$150 per hour for attorney work, and this Court finds that an hourly rate of \$150 is reasonable and consistent with the dual purpose of the EAJA."); *Crain v. Colvin*, No. 14-12, 2015 WL 7761326 at *2 (M.D. La. Dec. 2, 2015) (conclu[ding] that \$150.00 is a reasonable hourly rate to compensate the plaintiff's attorneys"); *Williams v. Comm'r of Soc. Sec*, No. 13-10, 2015 WL 1323347, *1 (M.D. La. Mar. 24, 2015) (finding requested rate of \$150.00 per hour "reasonable"); *Porter v. Colvin*, No. 12-768, 2014 WL 6633086, at *1 (M.D. La. Nov. 21, 2014) (collecting cases holding that hourly rate of \$150 was "consistent with the rate generally applied by this court" and noting cases indicating thirty to forty hours is the typical number of hours sought for EAJA fees); *Watkins v. Comm'r Soc. Sec. Admin.*, No. 11-617, 2014 WL 129065, at *2 (M.D. La. Jan. 9, 2014) (collecting cases holding that hourly rate of \$150 was "consistent with the rate generally applied by this Court").  Most recently, this court has held that \$175.00 per hour was a reasonable fee for attorney time, which includes a cost-of-living adjustment to the statutory cap of \$125.00.  *See, Gann v. Colvin*, No. 14-189 (M.D. La. Jan. 27, 2017), R. Doc. 32, p. 5. Accordingly, the \$150.00 per hour fee for attorney time sought in the Motion is reasonable.

[8] R. Doc. 23-1 at 2; R. Doc. 23-5 at 2.

[9] R. Docs. 23-2, 23-3, 23-4, and 23-5.

hours of paralegal time are reasonable amounts of time and $150.00 and $75.00, respectively, are reasonable hourly rates.

Finally, the record includes an "Affirmation and Waiver of Direct Payment of EAJA Fees," signed by Plaintiff, "waiv[ing] direct payment of the EAJA fees and assign[ing] said fees to be paid directly to [her] attorney."[10]  Plaintiff's attorney cites *Astrue v. Ratliff*[11] as authority for payment of the fee directly to Plaintiff.[12]  However, the post-*Ratliff* practice in this Circuit has been to award EAJA attorney fees directly to the plaintiff.[13]  In keeping with this precedent, the award of EAJA attorney fees in this case is to be made payable directly to Plaintiff and mailed to Plaintiff's counsel.

## III.    Conclusion

Accordingly,

**IT IS ORDERED** that Motion for Attorney's Fees Pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412 (R. Doc. 23) is **GRANTED**.

**IT IS FURTHER ORDERED** that the Commissioner shall remit to Plaintiff's counsel a check made payable to "Pamela Johnson" for attorney fees and expenses in the amount of $5,049.52, which includes attorney fees of $5,025.00 (30.3 hours at $150.00 and 6.4 hours at $75.00), plus expenses of $24.52, pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d)(1)(A).  The check may be mailed to Plaintiff's counsel.  Full or partial remittance of the awarded fee is contingent upon a determination by the Commissioner that Plaintiff does not owe any qualifying, pre-existing debt(s) to the Government.  The Commissioner will reduce the

---

[10] R. Doc. 23-6 at 2.
[11] 560 U.S. 586 (2010).
[12] R. Doc. 23-1 at 2-3.
[13] *See, Jackson v. Astrue*, 705 F.3d 527, 531 n. 11 (5th Cir. 2013) (nothing that "the government pays EAJA fees directly to the litigant"); *Craig v. Colvin*, No. 15-583, 2016 WL 4689044, *3 (M.D. La. Sep. 6, 2016) (holding that under *Ratliff* award shall be made directly to the plaintiff, not her counsel).

awarded attorney fees in this Order to the extent necessary to satisfy such debt(s) and forward the remainder of the award, as set forth herein.

Signed in Baton Rouge, Louisiana, on March 15, 2024.

**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**